UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MI LADY, INC., AS OWNER OF THE VESSEL ETHEL MAY, OFFICIAL NO. 256048, FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CASE NO. 3:23-cv-5158<br><br>CASE MANAGEMENT ORDER |

## 1.  INTRODUCTION

The Court raises this matter sua sponte. Upon careful review of the docket and relevant law, the Court finds that there are several unresolved docketing and case management errors that require attention. This Case Management Order is intended to resolve these issues and to get this case on a track towards resolution.

In particular, this Order will (1) correct a series of docketing errors that seem to have confused and hindered the adversarial process, (2) ensure an opportunity for Petitioner Mi Lady, Inc. ("Mi Lady") and Third-Party Defendants to file responsive pleadings or motions concerning claims against them, (3) vacate the Court's recent entry of default judgment, and (4) direct the parties to meet and confer and file a

CASE MANAGEMENT ORDER - 1

status report regarding discovery issues, motion practice, progress towards settlement, and all other matters that will allow this Court to effectively manage this litigation, including issuing a scheduling order that, if appropriate, sets a trial date.

## 2. DOCKET CORRECTIONS

The Court DIRECTS the Clerk of Court to resolve the following docketing issues in the CM/ECF system and adjust the docket accordingly:

- Mi Lady is listed as "Plaintiff" in the case docket. Mi Lady should be listed as "Petitioner," not "Plaintiff."

- Attorney Jeffery Michael Campiche is listed as counsel for Mi Lady in the case docket. Campiche does not represent Mi Lady but rather Claimant McKenzie L. Salas in her capacity as personal representative of the Estate of Bryson Michael Fitch, her individual capacity, and her capacity as guardian of the three minor dependent children of Fitch. *See* Dkt. No. 15. This error should be rectified.

- Darren Curtis is listed as "Plaintiff" in the case docket. Curtis should be listed as "Claimant."

- McKenzie L. Salas is not listed in the case caption on the docket. Like Curtis, Salas should be listed as "Claimant."

- Claimant Salas asserts claims against Mi Lady as alleged owner of the Vessel F/V Ethel May ("Vessel"), Rebecca Jones-Will as alleged owner of the Vessel, and Merrill "Doug" Jones as alleged owner and master of the Vessel. Dkt. No. 15. Claimant Curtis brings claims against the same parties. Dkt. No. 17.

Thus, in addition to being listed as "Petitioner," Mi Lady should also be listed as "Counter Defendant." Likewise, Merrill "Doug" Will and Rebecca Jones-Will should be listed as "Third-Party Defendants" on the case docket.

## 3. SERVICE AND RESPONSIVE PLEADINGS

On March 7, 2023, in accordance with Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), Mi Lady moved to enjoin prosecution of claims and direct notice and publication. Dkt. No. 11. On March 15, the Honorable Benjamin H. Settle granted the motion, setting May 8, 2023, as the deadline for any claims against Mi Lady arising from the sinking of the Vessel on February 5, 2023. Dkt. No. 13.

Before the deadline passed, two claimants filed answers. First, on April 14, 2023, Salas answered in her capacity as personal representative of the Estate of Bryson Michael Fitch, her individual capacity, and her capacity as guardian of the three minor dependent children of Fitch. Dkt. No. 15. She argued the Vessel's owners and master negligently operated and navigated the Vessel, had privity and knowledge of the Vessel's unseaworthiness, and therefore should not be entitled to exoneration or limitation of liability. *Id*. Through her answer, Salas also brought seaman's survivors and wrongful death claims against Mi Lady as owner of the Vessel, Rebecca Jones-Will as owner of the Vessel, and Merrill "Doug" Jones as owner and master of the Vessel. *Id*.

On May 8, 2023, Curtis also filed an answer, opposing exoneration or limitation of liability and bringing personal injury claims against Mi Lady, Jones-Will, and Jones. Dkt. No. 17.

On May 30, 2023, Mi Lady answered Curtis's claims, denying liability and seeking dismissal with prejudice. Dkt. No. 20. By contrast, Mi Lady never answered Salas's claims. *See* Dkt. This omission might have resulted from the docketing irregularities discussed above.

Additionally, Third-Party Defendants Rebecca Jones-Will and Merrill "Doug" Jones have not appeared in the case, and the docket does not indicate whether they have been served with the third-party claims asserted against them.

To set this case back on track, the Court ORDERS as follows:

- With respect to Claimants Salas's and Curtis's claims against Rebecca Jones-Will and Merrill "Doug" Jones, service must be (if not already) effected, and proof of such service must be filed within THIRTY (30) days of this Order.
- The deadline for Mi Lady to file an answer to or responsive motion concerning Salas's claims is EXTENDED to January 17, 2025.

### 4. VACATING DEFAULT JUDGMENT

On December 17, 2024, the Court granted Mi Lady's motion for default judgment, directing the Clerk of Court to enter judgment barring any new claims or answers against Mi Lady arising from the sinking of the Vessel. Dkt. No. 27. As a result of clerical error, the Court's Order was not entered in the CM/ECF system. Upon further review, the Court concludes that Mi Lady's motion for default judgment should not have been granted. As such, the Court VACATES the ruling reflected in docket entry no. 27.

"When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are

**CASE** MANAGEMENT ORDER - 4

involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Rule 54(b) certification is proper if it will aid in 'expeditious decision' of the case." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir.1991) (quoting *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir.1987)). But partial judgment under Rule 54(b) "is not routine" and "should not become so." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 880 (9th Cir. 2005); *see also Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980) ("[S]ound judicial administration does not require that Rule 54(b) requests be granted routinely."). Partial judgments under Rule 54(b) "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants." *Morrison–Knudsen v. Archer*, 655 F.2d 962, 965 (9th Cir.1981).

"The Ninth Circuit has highlighted several considerations that a court should evaluate when determining whether there is 'just reason' for delaying entry of judgment[.]" *Ard v. Oregon State Bar*, No. 3:20-CV-2143-JR, 2022 WL 19920000, at *1 (D. Or. Apr. 18, 2022). "First, courts should evaluate 'juridical concerns' focusing on piecemeal appeals, primarily whether the claims are 'sufficiently divisible from the other claims such that the case would not inevitably come back to [the Court of Appeals] on the same set of facts.' *Id.* (quoting *Jewel v. NSA*, 810 F.3d 622, 628 (9th Cir. 2015)). "Second, courts should undertake an 'equitable analysis.'" *Id.* (quoting *Jewel*, 810 F.3d at 628). And third, "'Rule 54(b) should be used sparingly.'" *Id.* (quoting *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004)). "[T]he burden

**CASE** MANAGEMENT ORDER - 5

lies on the party moving for certification to show that their case's circumstances are unusual enough to merit departure from the court's general presumption against Rule 54(b)." *Id.* (quoting *Birkes v. Tillamook County*, 2012 WL 2178964, at *3 (D. Or. June 13, 2012)).

Here, in its motion for default judgment, Mi Lady provided no argument about why "there is no just reason for delay" under Rule 54(b). *See* Dkt. No. 26. So the Court finds no reason to grant judgment before the resolution of this case in its entirety. The Court's entry of default, Dkt. No. 22, should be sufficient to close the door against unjustified latecomers in this case.

## 5. JOINT STATUS REPORT

The Court DIRECTS all parties in this case to confer and provide the Court with a Joint Status Report by February 10, 2025. This conference must be by direct and personal communication, whether that be an in-person or virtual face-to-face meeting or a telephonic conference. The Report will be used to set a schedule for the prompt resolution of the case. It must contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case. This statement should include any progress that the parties have made towards settlement.
2. A proposed deadline for joining additional parties.
3. A discovery plan stating, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items set forth in FRCP 26(f)(3), including:
    (A) initial disclosures;
    (B) subjects, timing, and potential phasing of discovery;

      (C) any issues about discovery or electronically stored information;

      (D) privilege issues;

      (E) changes to discovery limitations imposed under the Federal and Local Civil Rules or other proposed limitations on discovery; and

      (F) the need for any discovery-related orders.

4. The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:

      (A) prompt case resolution;

      (B) alternative dispute resolution;

      (C) related cases;

      (D) discovery management;

      (E) anticipated discovery sought;

      (F) phasing motions;

      (G) preservation of discoverable information;

      (H) privilege issues;

      (I) Model Protocol for Discovery of ESI; and

      (J) alternatives to the Model Protocol.

5. The date by which discovery will be completed.

6. Whether the case should be bifurcated.

7. Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k) and 16.1 should be dispensed with in whole or in part for the sake of economy.

8. Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2.

9. Whether the parties intend to utilize any Alternative Dispute Resolution ("ADR") options set forth in Local Civil Rule 39.1.

10. Any other suggestions for shortening or simplifying the case.

11. The date the case will be ready for trial. If the parties will be proposing a trial date for more than fourteen months from the date of the filing of the Joint Status Report, the parties must include in this section of the report an explanation about why the additional time is required.

12. Whether the trial will be a jury or non-jury trial.

13. The number of trial days required.

14. The names, addresses, and telephone numbers of all trial counsel.

15. The dates on which the trial counsel may have conflicts or other complications to be considered in setting a trial date.

16. If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for Petitioner and Third-Party Plaintiffs must advise the Court when service will be effected, why it was not made earlier, and must provide a proposed schedule for the required Fed. R. Civ. P. 26(f) conference and Fed. R. Civ. P. 26(a) initial disclosures.

17. Whether any party wishes a pretrial Fed. R. Civ. P. 16 conference with the Court before the entry of any order under Rule 16 or setting of a schedule for this case. If yes, indicate whether a party wishes an in-person, telephonic, or video conference.

18. List the date(s) that every nongovernmental corporate party filed its disclosure statement under Fed. R. Civ. P. 7.1 and LCR 7.1.

If the parties cannot agree on any part of the Report, they may answer in separate paragraphs. Separate reports should not be filed. If the parties want a status conference with the Court at any time, they should contact Grant Cogswell, Courtroom Deputy, at grant_cogswell@wawd.uscourts.gov.

If this case settles, please notify Grant Cogswell, Courtroom Deputy, as soon as possible at grant_cogswell@wawd.uscourts.gov.

## 6.  CONCLUSION

In sum, the Court DIRECTS the Clerk of Court to rectify the above-discussed docketing errors; GRANTS Claimants Salas and Curtis 30 days to file proof that service of process has been effected on third-party defendants Jones-Will and Jones; EXTENDS the deadline for Mi Lady to file a responsive motion or pleading concerning Salas's claims; VACATES its Order granting Mi Lady's motion for default judgment; and DIRECTS the parties to confer and file a Joint Status Report with the above-described information by February 10, 2025.

It is so ORDERED.

Dated this 26th day of December, 2024.

Jamal N. Whitehead
United States District Judge